UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

Melvin Turpin,

          Plaintiff,

vs.

Tropicana Las Vegas Hotel and Casino, Inc.;
Tropicana Resort & Casino, LLC,

          Defendants.

Case No.: 2:14-cv-1782-GMN-PAL

**ORDER**

Pending before the Court is the Motion for Summary Judgment, (ECF No. 23), filed by Defendant Tropicana Las Vegas, Inc. ("Tropicana"). Though Plaintiff Melvin Turpin was granted two separate extensions of the response deadline, (Orders Extending Response Deadline, ECF Nos. 27, 29), and over three months have passed since the deadline elapsed, Plaintiff has failed to file an opposition to the Motion.[1]

I. **BACKGROUND**

This case centers upon allegations that Tropicana, as Plaintiff's employer, committed several acts of retaliation in response to Plaintiff's contributing to an investigation of discrimination initiated by another employee. (Compl., ECF No. 1).

Specifically, Plaintiff alleges that he assisted the Equal Employment Opportunity Commission ("EEOC") in investigating a charge of discrimination filed by his fiancée against Tropicana in 2010. (*Id.* ¶¶ 12-14). Plaintiff also claims to have filed charges of discrimination

---

[1] On February 24, 2016, nearly a month after the deadline passed, Plaintiff filed an additional Motion to Extend Time, (ECF No. 33), which was mislabeled on the docket as a response to the Motion for Summary Judgment. However, as this Motion requested that the response deadline be extended through March 11, 2016, and Plaintiff failed to file a response prior to that date, this Motion will be denied as moot.

against Tropicana with his union in April 2010 and with the EEOC in September 2011. (*Id.* ¶¶ 13, 15). The Complaint further alleges that as a result of these activities, Plaintiff was subjected to unwarranted discipline and verbal coaching, and was ultimately terminated from his employment on April 12, 2012. (*Id.* ¶¶ 14-15).

Based on these allegations, Plaintiff's Complaint sets forth a claim of retaliation in violation of Title VII of the Civil Rights Act of 1964. (*Id.* ¶¶ 17-23). In its Motion, Tropicana argues that the Court should enter summary judgment because, *inter alia*, Plaintiff has failed to provide evidence supporting a key element of his claim.

## II. LEGAL STANDARD

The Federal Rules of Civil Procedure provide for summary adjudication when the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). Material facts are those that may affect the outcome of the case. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A dispute as to a material fact is genuine if there is sufficient evidence for a reasonable jury to return a verdict for the nonmoving party. *See id.* "Summary judgment is inappropriate if reasonable jurors, drawing all inferences in favor of the nonmoving party, could return a verdict in the nonmoving party's favor." *Diaz v. Eagle Produce Ltd. P'ship*, 521 F.3d 1201, 1207 (9th Cir. 2008) (citing *United States v. Shumway*, 199 F.3d 1093, 1103-04 (9th Cir. 1999)). A principal purpose of summary judgment is "to isolate and dispose of factually unsupported claims." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323-24 (1986).

In determining summary judgment, a court applies a burden-shifting analysis. "When the party moving for summary judgment would bear the burden of proof at trial, it must come forward with evidence which would entitle it to a directed verdict if the evidence went uncontroverted at trial. In such a case, the moving party has the initial burden of establishing

1  the absence of a genuine issue of fact on each issue material to its case." *C.A.R. Transp.*
2  *Brokerage Co. v. Darden Rests., Inc.*, 213 F.3d 474, 480 (9th Cir. 2000) (citations omitted).  In
3  contrast, when the nonmoving party bears the burden of proving the claim or defense, the
4  moving party can meet its burden in two ways: (1) by presenting evidence to negate an
5  essential element of the nonmoving party's case; or (2) by demonstrating that the nonmoving
6  party failed to make a showing sufficient to establish an element essential to that party's case
7  on which that party will bear the burden of proof at trial. *See Celotex Corp.*, 477 U.S. at 323-
8  24.  If the moving party fails to meet its initial burden, summary judgment must be denied and
9  the court need not consider the nonmoving party's evidence. *See Adickes v. S.H. Kress & Co.*,
10 398 U.S. 144, 159-60 (1970).

11      If the moving party satisfies its initial burden, the burden then shifts to the opposing
12 party to establish that a genuine issue of material fact exists. *See Matsushita Elec. Indus. Co. v.*
13 *Zenith Radio Corp.*, 475 U.S. 574, 586 (1986).  To establish the existence of a factual dispute,
14 the opposing party need not establish a material issue of fact conclusively in its favor.  It is
15 sufficient that "the claimed factual dispute be shown to require a jury or judge to resolve the
16 parties' differing versions of the truth at trial." *T.W. Elec. Serv., Inc. v. Pac. Elec. Contractors*
17 *Ass'n*, 809 F.2d 626, 631 (9th Cir. 1987).  In other words, the nonmoving party cannot avoid
18 summary judgment by relying solely on conclusory allegations that are unsupported by factual
19 data. *See Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989).  Instead, the opposition must go
20 beyond the assertions and allegations of the pleadings and set forth specific facts by producing
21 competent evidence that shows a genuine issue for trial. *See Celotex Corp.*, 477 U.S. at 324.

22      At summary judgment, a court's function is not to weigh the evidence and determine the
23 truth but to determine whether there is a genuine issue for trial. *See Anderson*, 477 U.S. at 249.
24 The evidence of the nonmovant is "to be believed, and all justifiable inferences are to be drawn
25 in his favor." *Id*. at 255.  But if the evidence of the nonmoving party is merely colorable or is

1 not significantly probative, summary judgment may be granted. *See id.* at 249-50.

2 **III.   DISCUSSION**

3   "To establish a prima facie case of [Title VII] retaliation, a plaintiff must demonstrate: (1) a protected activity; (2) an adverse employment action; and (3) a causal link between the protected activity and the adverse employment action." *Cornwell v. Electra Cent. Credit Union*, 439 F.3d 1018, 1034-35 (9th Cir. 2006).  At the prima facie stage of a retaliation case, the third element is construed broadly, requiring only that a plaintiff show that the adverse employment action and the protected activity "are not completely unrelated." *Poland v. Chertoff,* 494 F.3d 1174, 1181 n.2 (9th Cir. 2007).

   In this case, while the evidence demonstrates that Plaintiff engaged in protected activities, such as assisting in the EEOC's investigation of his fiancée's charge of discrimination, Plaintiff has failed to provide any evidence demonstrating that these activities were causally related to either the discipline administered against him or his subsequent termination.  Though Plaintiff's burden to support the causation element at the prima facie stage is minimal, Plaintiff has failed to submit any evidence whatsoever demonstrating a connection between his protected activities and the adverse employment actions at issue. Additionally, upon reviewing the record in this case, the Court finds that no evidence establishes the requisite causal link to support Plaintiff's Title VII retaliation claim. Accordingly, Tropicana's Motion for Summary Judgment will be granted.

///
///
///
///
///
///

IV.  **CONCLUSION**

**IT IS HEREBY ORDERED** that Tropicana's Motion for Summary Judgment, (ECF No. 23), is **GRANTED**.  The Clerk is instructed to enter judgment accordingly and close the case.

**DATED** this __23__ day of May, 2016.

_____
Gloria M. Navarro, Chief Judge
United States District Court